UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARIO WILSON,<br><br>　　　　　　　　Plaintiff,<br>　　v.<br><br>GARY WAKEMAN,<br><br>　　　　　　　　Defendant. | CASE NO. 3:23-cv-05931-JHC-GJL<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: December 30, 2024 |

The District Court has referred this action, filed pursuant to 42 U.S.C. § 1983, to United States Magistrate Judge Grady J. Leupold. Currently pending before the Court is Plaintiff Mario Wilson's Motion for Preliminary Injunction ("Motion"). Dkt. 23.

In the Motion, Plaintiff asks the Court to order the removal of his post-release supervising Community Corrections Officer ("CCO") from his case because the Officer's actions may be hindering Plaintiff's ability to litigate this action. *Id*. The Court concludes Plaintiff is seeking injunctive relief on matters outside the claims raised in the underlying action. Further, even if the request were proper, Plaintiff has not demonstrated the required extraordinary

REPORT AND RECOMMENDATION - 1

circumstances for a preliminary injunction. Accordingly, the Court recommends Plaintiff's Motion be **DENIED**.

## I. BACKGROUND

On November 3, 2023, Plaintiff filed a Complaint alleging that Defendant Gary Wakeman's actions while Plaintiff was incarcerated at Stafford Creek Corrections Center ("SCCC") in 2021 amounted to unconstitutional conduct. Dkt. 8. Specifically, Plaintiff alleges that Defendant, SCCC's Chaplain, violated Plaintiff's First Amendment right to practice his religion when he confiscated Plaintiff's religious headwear (a "kufi") upon Plaintiff's arrival at SCCC in 2021 and refused to return it. *Id*. at 2–4. In addition, Plaintiff alleges that Defendant Wakeman retaliated against Plaintiff for his repeated requests for the kufi by "threatening to make me send out my religious headwear." *Id*. at 5. Plaintiff seeks declaratory relief as well as compensatory and punitive damages. *Id*. at 7.

On December 11, 2023, Plaintiff was released from incarceration. *See* Dkt. 24 at 1; *see also* Dkt. 15. After Defendant answered the Complaint on December 29, 2023, *see* Dkt. 14, the Court issued a Pretrial Scheduling Order, setting forth various pretrial deadlines, Dkt. 16. On June 3, 2024, Plaintiff filed a Motion for extension of time, requesting additional time to seek leave to amend the Complaint. Dkt. 19. Without opposition from Defendant, the Court granted Plaintiff's Motion and set a deadline for him to file a motion for leave to file an amended complaint along with a complete proposed amended complaint on or before August 26, 2024. Dkt. 21. Plaintiff failed to file such a motion within that time period. *See* Dkt. Thus, on September 30, 2024, the Court issued a new Pretrial Scheduling Order. Dkt. 22.

Plaintiff has now filed this Motion for a preliminary injunction. Dkt. 23. Defendant has responded to the Motion. Dkt. 24.

## II. DISCUSSION

The Court applies substantially identical standards when determining whether to issue a temporary restraining order ("TRO") or a preliminary injunction. *See Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). This relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008); *see also Rizzo v. Goode*, 423 U.S. 362, 378 (1976) (stating injunctions are to be used sparingly, and only in a clear and plain case).

The purpose of preliminary injunctive relief is to preserve the status quo or prevent irreparable injury pending the resolution of the underlying claim. *Sierra On-line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984). The party seeking such relief must show that (1) "he is likely to succeed on the merits," (2) "he is likely to suffer irreparable harm in the absence of preliminary relief," (3) "the balance of equities tips in his favor," and (4) "an injunction is in the public interest." *Winter*, 555 U.S. at 20.

Alternatively, a TRO or preliminary injunction is appropriate if "'serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor,'" which allows the status quo to be preserved when complex legal questions require further inspection or deliberation. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011) (quoting *The Lands Council v. McNair*, 537 F.3d 981, 987 (9th Cir. 2008)). Nonetheless, the plaintiff must still show that irreparable injury is likely and that the injunction is in the public interest. *Id*.

Finally, in a preliminary injunction, it is appropriate to grant "intermediate relief of the same character as that which may be granted finally." *De Beers Consol. Mines v. United States*,

REPORT AND RECOMMENDATION - 3

325 U.S. 212, 220 (1945); *Kaimowitz v. Orlando*, 122 F.3d 41, 43 (11th Cir. 1997). However, a court should not issue an injunction when the relief sought is not of the same character and the injunction deals with a matter lying wholly outside the issues in the underlying action. *De Beers Consol. Mines*, 325 U.S. at 220.

The two claims pending in the Complaint filed in this case are: (1) Plaintiff's First Amendment rights were violated when Defendant confiscated Plaintiff's religious headwear and refused to return it; and (2) Defendant retaliated against Plaintiff in violation of his First Amendment rights. *See* Dkt. 8. Plaintiff alleges his rights were violated by Defendant in 2021 while Plaintiff was incarcerated at SCCC. *See id*.

In the instant Motion, Plaintiff requests that the Court order Amin D. Kermani, Plaintiff's current CCO overseeing his post-release supervision, be removed as his case Officer. Dkt. 23. He claims that in October 2024, an "altercation" occurred between himself and CCO Kermani, who at that time was not assigned to Plaintiff's supervision. *Id*. at 1. Following this altercation, CCO Kermani assigned himself to Plaintiff's case and allegedly began making "unnecessary requests and threats regarding compliance." *Id*. at 2. Examples of such "unnecessary requests," according to Plaintiff, include a request for information regarding Plaintiff's job schedule and a requirement that Plaintiff undergo an anger management assessment, despite Plaintiff having completed such programs in 2013 and 2021. *Id*.

Plaintiff requests the Court order CCO Kermani be removed as his case Officer because these requests and actions by CCO Kermani "may impede [Plaintiff's] ability to litigate effectively," "may lead to unnecessary legal action against Plaintiff," and "could jeopardize the integrity of the ongoing lawsuit." *Id*. Plaintiff also requests that the Court enjoin the Washington Department of Corrections ("DOC") from imposing unnecessary conditions on Plaintiff's post-

REPORT AND RECOMMENDATION - 4

release supervision "that impede his ability to litigate his ongoing lawsuit." *Id*. at 3. The DOC is not a defendant in this action.

The claims for injunctive relief raised in the instant Motion arise out of a completely different set of facts than those alleged in the Complaint. In the Complaint, Plaintiff contends his First Amendment rights were violated in 2021 when Defendant, SCCC's Chaplain, confiscated his religious headwear and retaliated against him. *See* Dkt. 8. In the instant Motion, Plaintiff contends CCO Kermani, who is not a party to this case, made "unnecessary requests" of him once he became Plaintiff's supervising CCO in October 2024. Dkt. 23 at 1–2. Plaintiff has not alleged any connection between Defendant Wakeman and the conduct alleged in this Motion. Without any such connection, the injunctive relief sought here—the removal of CCO Kermani as Plaintiff's case Officer and a requirement that the DOC not impose unnecessary conditions on Plaintiff's post-release supervision—will not remedy the constitutional violations alleged in the Complaint. *See Dulaney v. Dyer*, No. 1:14-cv-1051-LJO-BAM, 2015 WL 269244, at *7 (C.D. Cal. Oct. 5, 2008) ("Since the relief sought would not remedy the violation of the Federal right at issue here, the Court cannot grant the requested relief[.]"). Because his request is unrelated to his underlying requested relief, Plaintiff's request is improper here.

Further, even if the request were proper, Plaintiff fails to demonstrate the required extraordinary circumstances for a preliminary injunction. Initially, Plaintiff has failed to show that he is likely to succeed on the merits of his claim. In the Motion, Plaintiff makes general allegations that CCO Kermani may be infringing upon Plaintiff's ability to litigate the underlying case. Dkt. 23 at 2. He claims CCO Kermani's actions, which he terms as "harassment," "*may* impede [Plaintiff's] ability to litigate effectively," "*may* lead to unnecessary action against Plaintiff," and "*could* jeopardize the integrity of the ongoing lawsuit." *Id*. (emphasis added). However, these

REPORT AND RECOMMENDATION - 5

allegations are speculative and not supported by any actual harmful actions on the part of CCO Kermani. While Plaintiff indicates that CCO Kermani requested Plaintiff's job schedule and required Plaintiff to undergo an anger management assessment, the Court will not make the inferential leap that such requests have necessarily infringed upon Plaintiff's ability to litigate his underlying claims in this case. Without more specific evidence, Plaintiff cannot show he is entitled to injunctive relief.

Additionally, Plaintiff has not shown a likelihood of irreparable injury, because he has not pleaded any actual harm beyond mere speculation that CCO Kermani has created a "climate of fear that may lead to unnecessary legal action against Plaintiff." Dkt. 23 at 2. Plaintiff has not detailed what actions CCO Kermani has taken or could take to create a "climate of fear," or even why this hypothetical "climate of fear" would lead to legal action against Plaintiff. Rather, as Defendant suggests, Plaintiff's Motion amounts to a disagreement on how Plaintiff's post-release supervision should be conducted. *See* Dkt. 24 at 4. In essence, Plaintiff cannot show an irreparable injury that an injunction would remedy because the "climate of fear" he describes only amounts to speculative, rather than actual, injuries.[1]

In sum, the Court finds the allegations and preliminary injunctive relief raised in the instant Motion are wholly unrelated to the claims alleged in the Complaint. Therefore, the Court lacks the authority to issue the injunctive relief requested. *See Pac. Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) ("When a plaintiff seeks injunctive relief based on claims not pled in the complaint, the court does not have the authority to issue an injunction.").

//

---

[1] Because Plaintiff has not shown he is "'likely to suffer irreparable harm in the absence of preliminary relief,' *Winter*, 129 S. Ct. at 274, we need not address the . . . remaining elements of the preliminary injunction standard." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1174 (9th Cir. 2011).

REPORT AND RECOMMENDATION - 6

###         III.    CONCLUSION

Based on the foregoing, the Court concludes Plaintiff is not entitled to a preliminary injunction. Accordingly, the Court recommends Plaintiff's Motion for Preliminary Injunction (Dkt. 23) be **DENIED without prejudice**.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on December 30, 2024, as noted in the caption.

Dated this 16th day of December, 2024.

Grady J. Leupold
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7